# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 173 | **DATE** | February 3, 2012 |
| **CASE TITLE** | Martin Davilla (R-31083) vs. Dr. Joe Fattelo | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted and the initial partial filing fee is waived. The court authorizes the trust fund officer at plaintiff's place of confinement to make deductions from plaintiff's inmate trust fund account in accordance with this order. The complaint is dismissed without prejudice to plaintiff submitting an amended complaint in accordance with this order. Plaintiff is given 30 days from the date of this order to submit an amended complaint. His failure to do so will result in the dismissal of this case. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Martin Davilla (R-31083), an inmate currently incarcerated at the Pontiac Correctional Center has filed a 42 U.S.C. § 1983 complaint against Dr. Joe Fattelo, a gastroenterologist at the University of Illinois at Chicago ("UIC") Medical Center. Plaintiff allges that he was taken to UIC on April 8, 2009, after he had swallowed 35 sporks. Dr. Fattelo allegedly told plaintiff that surgery would not be performed unless there was a perforation or bowel obstruction. Plaintiff was taken back to UIC in May with a perforation, at which time surgery was performed.

Plaintiff seeks to file his complaint *in forma pauperis* ("IFP") motion. His application indicates that he is unable to prepay the $350 filing fee or an initial partial filing fee. The court grants plaintiff's IFP motion and waives the initial partial filing fee. The supervisor of inmate trust accounts at plaintiff's place of incarceration is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in plaintiff's account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number of this action. Plaintiff shall remain responsible for this filing fee obligation, and Pontiac officials shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred.

Under 28 U.S.C. § 1915A, the court is required to conduct a preliminary review of an inmate's complaint. Plaintiff's complaint cannot proceed for several reasons. Plaintiff alleges that defendant refused to perform surgery on plaintiff unless there was a perforation or an obstruction, and that surgery was performed several weeks later when plaintiff returned with a perforation from having swallowed 35 sporks. In order to bring a civil rights claim, plaintiff must assert a violation of a constitutional or federal right. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970); *Padula v. Leimbach*, 656 F.3d 595, 600 (7th Cir. 2011). A constitutional claim with respect to medical issues requires a showing of deliberate indifference. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 828 -29 (7th Cir. 2009). Neither negligence, malpractice, gross negligence, nor a difference of opinion rises to the level of deliberate indifference. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). Rather, plaintiff must show "(1) an objectively serious medical condition to which (2) a state official

| STATEMENT |
|---|

was deliberately, that is subjectively, indifferent." *Rodriguez*, 577 F.3d at 829; *see also Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Plaintiff's allegations, even under the most liberal construction, at most indicate a difference of opinion or malpractice with whether he needed surgery in April 2009. but not deliberate indifference.

Additionally, the complaint indicates that plaintiff's claims are time-barred. The limitations period for a deliberate indifference claim in Illinois is two years, and "accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994); *see also Evans v. City of Chi.*, 434 F.3d 916, 934 (7th Cir. 2006) (limitations for a § 1983 claim of deliberate indifference in Illinois is two years). Plaintiff's allegations that he received inadequate medical care in April or May 2009 are untimely. Although time-bar is an affirmative defense, a complaint may be dismissed when such a defense is apparent from the face of the face of the complaint. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Logan v. Wilkins*, 644 F.3d 577, 581 (7th Cir. 2011); *Jimenez v. Illinois*, No. 11 C 4707, 2012 WL 174772 at *5 (N.D. Ill. Jan. 18, 2012) (Darrah, J.). Although plaintiff indicates that he could not file his complaint earlier because only recently was he allowed a writing instrument due to the fact that his swallows foreign objects, such a reason does not appear sufficient to toll the statute of limitations. To justify equitable tolling, a litigant must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citations omitted).

For the reasons stated above, the complaint is dismissed. Plaintiff will be afforded an opportunity to submit an amended complaint that both states a valid claim and that demonstrates that the claim is not time-barred. Plaintiff is given 30 days from the date of this order to comply. His failure to do so will result in the summary dismissal of this case.